# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL McEACHERN, | ) | |
| Petitioner, | ) | Civil Action No. 2:12 - 1238 |
| | ) | |
| vs | ) | Magistrate Judge Cynthia Reed Eddy |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that this action be summarily dismissed without prejudice.

**II. REPORT**

Petitioner, Michael McEachern, is a pretrial detainee awaiting disposition of state criminal charges. He has filed a Notice of Removal under 28 U.S.C. § 1455. Because McEachern is not entitled to removal under the applicable federal statutes, it is recommended that this action be summarily dismissed.

### A. Relevant Background

The docket sheets for the Common Pleas Court and the Magisterial District Judge are available online and this Court shall take judicial notice of them. Those dockets, along with the Petition, establish the following facts. Petitioner is in the pretrial stages of a criminal case in which he has been charged with numerous offenses, including forgery, conspiracy to commit forgery, bad checks, and theft by deception. A preliminary arraignment was held on July 11, 2012, during which Magisterial District Judge Eugene Ricciardi set bail at $50,000.00 Petitioner was unable to post bail so he was remanded to the custody of the Allegheny County Jail. His

preliminary hearing was conducted on July 18, 2012, and he was held for court on all of the pending criminal charges.

## B. Removal of Criminal Charges

In the instant petition for a writ of habeas corpus, Petitioner seeks removal of his criminal charges to federal court under 28 U.S.C. § 1455, which provides as follows.

> § 1455. Procedure for removal of criminal prosecutions
>
> (a) Notice of removal.--A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements.--(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.
>
> (3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.
>
> (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.
>
> (5) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall

require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

(c) Writ of habeas corpus.--If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into the marshal's custody and deliver a copy of the writ to the clerk of such State court.

28 U.S.C. § 1455.

Section 1455 was enacted in December of 2011 as a new section of the United States Code to codify the procedure for removal of criminal actions under 42 U.S.C. § 1442, which provides as follows.

§ 1442. Federal officers or agencies sued or prosecuted

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

(3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;

(4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

(b) A personal action commenced in any State court by an alien against any citizen of a State who is, or at the time the alleged action accrued was, a civil officer of the United States and is a nonresident of such State, wherein jurisdiction is obtained by the State court by personal service of process, may be removed by the defendant to the district court of the United States for the district and division in which the defendant was served with process.

(c) As used in subsection (a), the terms "civil action" and "criminal prosecution" include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court.

28 U.S.C. § 1442.

Section 1442 is limited in its application to instances involving federal officials acting within the scope and domain of their official duties. The rule fulfills Congress' intent that questions concerning the exercise of Federal authority, the scope of Federal immunity and Federal-State conflicts be adjudicated in Federal court rather than state court.

> [T]he removal statute's basic purpose is to protect the Federal Government from the interference with its operations that would ensue were a State able, for example, to arrest and bring to trial in a State court for an alleged offense against the law of the State, officers and agents of the Federal Government acting within the scope of their authority. State-court proceedings may reflect local prejudice against unpopular federal laws or federal officials. In addition, States hostile to the Federal Government may impede through delay federal revenue collection or the enforcement of other federal law. And States may deprive federal officials of a federal forum in which to assert federal immunity defenses.

Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 150-151 (2007) (internal quotations and citations omitted). The statute authorizes removal by private parties only if they were authorized to act with or for federal officers or agents in affirmatively executing duties under federal law. *Id*. at 151.

Here, the Notice of Removal does not allege that McEachern is a federal officer or was working on behalf of a federal officer. Rather, he complains of ineffective assistance of counsel during his preliminary hearing, threat, duress and coercion, unreasonable process, violation of due process, excessive bond, and insufficient evidence. All of these issues may be raised in the

Pennsylvania state courts.[1]  As it clearly appears on the face of the notice and the exhibits annexed thereto, that removal should not be permitted, the court should summarily dismiss this action.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action be summarily dismissed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

/s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United State Magistrate Judge

September 24, 2012

Michael Mceachern
120904
Allegheny County Jail
950 2nd Ave.
Pittsburgh, PA 15219

---

[1] To the extent that he is complaining about his conditions of confinement at the ACJ, he must file a separate civil action that must be adjudicated under the applicable provisions of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (PLRA), which amended 28 U.S.C. § 1915 to require prisoners bringing a civil action in forma pauperis to pay the full amount of the $350 filing fee.  See 28 U.S.C. § 1915(b)(1).